IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SPENCER BOWENS, :
:
    Plaintiff, :
: CIVIL NO. 3:CV-08-590
  vs. :
: (JUDGE VANASKIE)
UNITED STATES DEPARTMENT OF :
JUSTICE, et al., :
:
    Defendants. :

MEMORANDUM

Background

Spencer Bowens, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), proceeding pro se, initiated this combined Bivens[1] and Federal Tort Claims Act ("FTCA")[2] action. Named as Defendants are the United States Department of Justice, National Inmate Appeals Administrator Harrell Watts, and Northeast Regional Director D. Scott Dodrill of the Federal Bureau of Prisons

---

[1] In Bivens, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971). Bivens stands for the proposition that a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages

[2] Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003). The only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d).

("BOP"). Plaintiff is also proceeding against three (3) USP-Allenwood officials – Warden Jonathan Miner, and Correctional Officers Jenkins and Stanley.[3]

Plaintiff states that he placed several personal photographs in an envelope addressed to Ms. Joan Apkers. He gave the envelope to Correctional Officer Stanley for the purpose of having it mailed out of the prison. According to the Complaint, Ms. Apkers subsequently informed Bowens that although she had received the envelope, it did not contain any photographs. (Dkt. Entry # 1 at ¶ V(1).)

Upon discussing the matter with Officer Stanley, Plaintiff was told that said officer had given the photos to Defendant Jenkins, the "morning watch officer." Officer Jenkins subsequently informed Plaintiff that he had forwarded the photographs to the prison's SIS.[4] The Complaint notes that Plaintiff was not given a confiscation slip as required by institutional policy. After further inquiry, Plaintiff was informed that his photos could not be located. The Bivens portion of the Complaint alleges that the taking of his "irreplacable [sic] photographs" which were to be used "for a published documentary" was an improper confiscation of his

---

[3] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[4] Presumably, Special Investigative Supervisor. (Dkt. Entry # 17 at 6.)

-2-

personal property in violation of his freedom of speech and due process rights under the First and Fifth Amendments.  In his FTCA claim, Plaintiff alleges that he is entitled to an award of monetary damages for the negligent confiscation of his photographs without being afforded proper notice by BOP employees.

Defendants filed a motion to dismiss, or in the alternative for summary judgment, on September 26, 2008. (Dkt. Entry # 16.)  However, their subsequently filed supporting brief withdrew their request for summary judgment, noting "it would not be appropriate at this time." (Dkt. Entry # 17 at n. 1.)  Defendants' motion to dismiss is ripe for consideration.

Discussion

Defendants seek dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(1) on the basis that there is a lack of subject-matter jurisdiction.  A Rule 12(b)(1) motion "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Warner v. McVey, 2009 WL 703416 * 2 (W.D. Pa. March 16, 2009)(citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  Defendants describe their pending motion as raising a "factual attack," i.e., challenging jurisdiction on facts apart from the pleadings.[5]  (Dkt. Entry # 17 at 4.).

With respect to a factual challenge, a court "is not limited to considering only the

---

[5] A facial challenge attacks a deficiency in the pleadings.  When considering such an argument courts may only consider and must accept as true the allegations in the complaint. Warner, 2009 WL 703416 * 2.

-3-

allegations on the face of the complaint if the defendant is challenging subject matter jurisdiction." Walters v. United States, 2008 WL 191476 *1 (M.D. Pa. Jan. 22, 2008)(citing Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000). As noted by the Third Circuit Court of Appeals, review is "not confined to the allegations in the complaint and [courts] can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In addition, "no presumptive truthfulness attaches" to the allegations in the Complaint and disputed material facts do not prevent the court evaluating the merits of the lack of jurisdiction claims. Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). Simply put, the Court is "free to weigh the evidence and satisfy itself whether it has the power to hear the case." Carpet Group, 227 F.3d at 69.

FTCA

Defendants argue that Plaintiff's FTCA claim should be dismissed for lack of subject matter jurisdiction because it is barred under 28 U.S.C. § 2680(c). (Dkt. Entry # 17 at 7.) Specifically, they contend that since Bowens' claim involves the detention of his property by BOP prison officials and their failure to return that property and because the United States has not waived sovereign immunity as to such claims, this Court must dismiss the FTCA portion of the Complaint.

Under the FTCA, the United States waives sovereign immunity for torts involving "injury

or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).[6] As Defendants argue, however, exempted from the general waiver of sovereign immunity is "[a]ny claim arising in respect of the . . . detention of any . . . property by . . . any . . . law-enforcement officer." 28 U.S.C. § 2680(c).

In Ali v. BOP, 552 U.S. 214, 128 S.Ct. 831, 840-41 (2008), the Supreme Court addressed an FTCA claim filed by a federal prisoner who claimed that BOP officers had lost his personal property during his transfer to another prison. The Court stated that "Section 2680(c) forecloses lawsuit against the United States for the unlawful detention of property by 'any,' not just 'some' law enforcement officers." Id. at 841. Based upon the reasoning announced in Ali, federal corrections officers are covered by the term any law enforcement officer as used in § 2680(c), thus precluding FTCA claims based upon a claim that federal correctional officers caused the loss of an inmate's property.

Since the decision in Ali, claims similar to those presented by Bowens have been

---

[6] A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961).

-5-

dismissed.  See, e.g., Jerbil v. Federal Bureau of Prisons, Civil Action No. 08-CV-10159, 2008 WL 2788541 * 1 (E.D. Mich. July 16, 2008)(FTCA claim for loss of property which occurred while in federal prison precluded by § 2680(c)); Wadley v. Warden, Civil Action No. 7:08-cv-00362, 2008 WL 2455445 (W.D. Va. June 16, 2008)(since prison officials are law enforcement officers under § 2680(c), claims based upon detention of a prisoner's property, whether wrongful or negligent, are barred by sovereign immunity).

Whether the loss of Bowens' photographs was negligent or otherwise wrongful, an FTCA claim concerning the loss of property is barred under § 2680(c).  Accordingly, Defendants are entitled to dismissal of the FTCA portion of the Complaint.

Bivens

As previously noted, Plaintiff's Bivens claim is two fold.  Plaintiff contends that the confiscation of his photographs violated his First Amendment rights as well as effected a deprivation of property in violation of the Fifth Amendment due process clause. (Dkt. Entry # 1,¶ VI at (2).)

    Due Process

Defendants state that "the basis of Bowens' complaint is a claim for loss of property." (Dkt. Entry # 17 at 7.)   Therefore, they argue that Plaintiff's Bivens claim is subject to dismissal because he was afforded an alternative, adequate post-deprivation remedy.[7]

---

[7] Although Plaintiff alleges that the photographs were to be used for a published
(continued...)

The Fifth Amendment prohibits depriving "any person of . . . property, without due process of law." U.S. Const. Amend. V. "In some cases takings of property require pre-deprivation notice and a hearing." Tillman v. Lebanon County, 221 F.3d 410, 421 (3d Cir. 2000). If meaningful pre-deprivation due process is impractical, due process is satisfied "by a meaningful post-deprivation remedy." Id.

A prisoner's due process claim based on an unauthorized deprivation of property "is not actionable ... unless no adequate post-deprivation remedy is available." Mattis v. Dohman, 260 Fed. Appx. 458, 461 (3d Cir. 2008)(citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)).[8] Defendants argue:

> Whether Defendants acted negligently, intentionally and without authority, or pursuant to governing regulations, Bowens cannot make a claim for a violation of his due process rights. See Daniel v. Williams, 474 U.S. 327 (1986) (holding that negligence of federal agent resulting in property loss not constitutional deprivation); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (ruling that unauthorized intentional deprivation of property does not constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28

---

[7](...continued)
documentary, he offers no description of the photos or details regarding the subject matter of the documentary.

[8] Hudson established that regardless of whether the deprivation of property was the result of intentional or negligent conduct, a plaintiff may not obtain relief if he or she has adequate post-deprivation remedies available under state law.

C.F.R. §§ 542.10-542.19. It has been recognized that a prison's internal grievance system constitutes a meaningful post-deprivation remedy regarding an inmate's loss of property claim. See Howard v. Bureau of Prisons, 2008 WL 318387 *17 (M.D. Pa. Feb. 4, 2008); Durham v. Dep't. of Corrections, 173 Fed. Appx. 154, 157 (3d Cir. 2006). Thus, since the BOP's administrative grievance procedure provided Plaintiff with an adequate post-deprivation procedure which he employed with respect to his loss of property claim, he is precluded under Hudson from asserting a Bivens due process claim pertaining to the loss of property claim.

### Freedom of Speech

Plaintiff also claims that the confiscation of his photographs from his outgoing mail violated his freedom of speech protected by the First Amendment. Defendants' pending motion to dismiss does not specifically address this claim. Rather, as noted above, they simply contend that the Bivens portion of the Complaint only sets forth a claim for loss of property, which cannot be pursued via a civil rights complaint.

While that argument warrants dismissal of Bowens' due process claim, it is an insufficient basis for denial of his civil rights claim that correctional officials interfered with his right to send mail. It is well-settled that interference with inmate non-legal mail may amount to a denial of free speech under the First and Fourteenth Amendments.[9] The Court of Appeals for the Third Circuit in Hamm v. Rendell, 166 Fed. Appx. 599, 603 (3d Cir. 2006), stated that

---

[9] Plaintiff does not describe the outgoing mail at issue herein as being legal mail.

-8-

when district courts address claims of improper mail inspections and intrusive mail regulations or any actions involving outgoing inmate mail, the test developed by the Supreme Court in Procunier v. Martinez, 416 U.S. 396, 412 (1974), should be employed. Specifically, courts should inquire as to whether the prison restriction or conduct relating to outgoing inmate mail furthered an important or substantial government interest unrelated to the suppression of expression, and whether the conduct was intrusive only to the degree necessary to protect that interest. Id.; see also, Nasir v. Morgan, 350 F.3d 366, 371-74 (3d Cir. 2003)(Procunier should be applied to outgoing prisoner correspondence issues).

There is no indication as to why Defendants confiscated Plaintiff's photographs. Since Bowens asserts conduct which exceeds the routine opening and inspecting of a prisoner's outgoing mail, a determination must be made as to whether the confiscation of his photographs was reasonably related to a legitimate penological interest of institutional security. See Caldwell v. Beard, 305 Fed. Appx. 1, 2 (3d Cir. 2008). Because Defendants' request for dismissal does not address the standards developed in Hamm and Nasir, the Bivens portion of Bowens' Complaint asserting that correctional officials violated Bowens' constitutional rights by interfering with his right to send mail will be allowed to proceed.

Conclusion

Since correctional officers are law enforcement officers under § 2680(c), Bowens' FTCA claim based upon detention or loss of his personal photographs, whether wrongful or

-9-

negligent, is barred by sovereign immunity.  Plaintiff's <u>Bivens</u> due process claim is subject to dismissal under <u>Hudson</u> because the BOP's internal grievance procedure provided him with an adequate post-deprivation remedy.  However, the <u>Bivens</u> claim asserting that correctional officials interfered with his right to send mail will be allowed to proceed.  Defendants' motion to dismiss will be granted in part.  An appropriate Order will enter.

<u>s/ Thomas I. Vanaskie</u><br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SPENCER BOWENS,

    Plaintiff,

  vs.

UNITED STATES DEPARTMENT OF
JUSTICE, et al.,

    Defendants.

CIVIL NO. 3:CV-08-590

(JUDGE VANASKIE)

## ORDER

NOW, THEREFORE, THIS 17th Day of SEPTEMBER, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (Dkt. Entry # 16) is GRANTED IN PART.

2. Plaintiff's FTCA and his Bivens due process claims are dismissed for lack of jurisdiction.

3. Plaintiff's Bivens claim that correctional officials improperly confiscated photographs from his outgoing mail in violation of the First Amendment will be allowed to proceed.

                              s/ Thomas I. Vanaskie
                              Thomas I. Vanaskie
                              United States District Judge